In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00008-CR


______________________________




JOSEPH BONNER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. D-202-CR-92-0479




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Joseph Bonner appeals the revocation of his community supervision in each of four cases. 
In 1988, Bonner pleaded guilty to felony driving while intoxicated (DWI). The trial court sentenced
him to five years' imprisonment, but suspended the imposition of his sentence and placed him on five
years' community supervision.

 In 1992, Bonner was indicted for two other felony DWI offenses. The State also filed a
motion to revoke Bonner's community supervision for the 1988 conviction. The trial court did not
hear these cases until 1995, when Bonner was indicted for a fourth felony DWI offense.

 Bonner pleaded guilty to the two 1992 felony DWI offenses and the 1995 felony DWI
offense. The trial court sentenced him to five years' imprisonment for each offense. The trial court
also revoked Bonner's community supervision in the 1988 conviction and sentenced him to five
years' imprisonment. All sentences were ordered to run concurrently. However, five months later,
the trial court placed Bonner on five years' "shock probation" in each case.

 In 2000, the State again moved to revoke Bonner's community supervision, alleging he
committed five violations of its terms. Specifically, the State alleged (1) that Bonner operated a
vehicle without an ignition interlock device installed on the vehicle, (2) that he failed to report to the
community supervision department as directed, (3) that he failed to pay his supervision fees for five
months, (4) that he consumed alcohol, and (5) that he failed to report to the supervision office and
take Anabuse over a ten-day period. (1) 

 Bonner pleaded true to two of the State's allegations. The trial court found three of the
allegations true, revoked Bonner's community supervision in all four cases, and ordered the
execution of the remainder of his sentences.

 This opinion addresses the revocation of Bonner's community supervision for one of the 1992
felony DWI offenses, trial cause number D-202-CR-92-0479, for which he was convicted in 1995. 
Bonner has also appealed the revocation of his community supervision in each of the other cases. 
We address those appeals in separate opinions.

 We have this day released our opinion in Number 06-01-00006-CR, Joseph S. Bonner v. 
State of Texas. Because the briefs and arguments are identical to those raised in this appeal, we
affirm the trial court's judgment.




 Ben Z. Grant

 Justice


Date Submitted: March 12, 2002

Date Decided: March 19, 2002


Do Not Publish
1. Anabuse is a drug that causes violent naseau and vomiting if the person ingests alcohol.



y: Times New Roman"> Martin asserts his trial counsel was ineffective for four reasons: First, his trial counsel did
not present a jury argument during the punishment stage of the proceedings. Second, his trial
counsel did not object to the admission of a videotape showing Martin taking a polygraph
examination. Third, his trial counsel did not object to the admission of a videotape in which Martin
is seen attached to a polygraph machine. And fourth, Martin's trial counsel did not call a community
supervision officer to testify during the punishment phase about the terms, conditions, and programs
available if Martin were placed on community supervision. 

 A. No Closing Argument

 It is the custom in Texas during the punishment phase of a criminal trial to permit the State
to make an opening summation, followed by the accused's punishment argument, then a rebuttal
from the State. See generally Tex. Code Crim. Proc. Ann. arts. 36.07, 36.08 (Vernon 1981). In
this case, after both sides had rested and the trial court had read its punishment charge to the jury,
the State gave a brief opening summation regarding punishment that comprises three pages of the
appellate record. Martin's trial counsel thereafter waived his right to present a closing argument. 
Because Martin's counsel presented no argument, the State did not have the right to present any
rebuttal. Martin asserts that it is this waiver of a summation on punishment which constitutes
ineffective assistance.

 "It is the trial strategy of some attorneys to waive final argument in an attempt to cut off the
State's rebuttal. There is a strong presumption that this strategy was an exercise of reasonable
professional judgment." Salinas v. State, 773 S.W.3d 779, 783 (Tex. App.--San Antonio 1989, pet.
ref'd). Trial counsel's waiver of final argument in the case now on appeal could have been a tactical
decision to prevent the State from making a much longer rebuttal argument. We cannot say such a
decision is outside the wide range of professional norms. No ineffective assistance has been shown.

 B. The Videotape

 In his second and third issues, Martin asserts his counsel provided ineffective assistance by
failing to object to the admission of a videotape showing him attached to a polygraph machine. This
videotape also shows Martin being asked what he thought should happen to someone who sexually
assaulted a minor, to which Martin responded that such a person should be "severely punished . . .
probably the maximum." Martin's brief on appeal makes no effort to demonstrate that this videotape
was inadmissible under the Rules of Evidence or that (if admissible) the videotape's probative value
was nonetheless substantially outweighed by its prejudicial impact (thereby precluding its admission
under Tex. R. Evid. 403). Nor does Martin's appellate brief attempt to demonstrate that, but for the
admission of this videotape, the outcome of Martin's trial would have been different. As such,
Martin has demonstrated neither that counsel provided deficient performance on either of these
alleged bases, nor that counsel's alleged errors prejudiced Martin's defense, as required under
Strickland. As such, these claims have been inadequately briefed. Accord Peake v. State, 133
S.W.3d 332, 334 (Tex. App.--Amarillo 2004, no pet.).

 C. Failure to Call a Community Supervision Officer to Testify About Community
Supervision


 Finally, Martin claims trial counsel provided constitutionally deficient assistance because he
failed to call a community supervision officer to testify regarding the possible terms and conditions
of community supervision. Martin contends such testimony might have resulted in the jury giving
a lesser punishment. Martin's appellate brief makes no effort to demonstrate how testimony from
an employee of the local community supervision and corrections department would have aided his
case, nor has Martin made any effort to demonstrate how the absence of such testimony made the
State's case for punishment more persuasive. At best, Martin's argument is speculative, rather than
being firmly rooted in the record, as required. See, e.g., Ex parte Gray, 126 S.W.3d 565, 568-69
(Tex. App.--Texarkana 2003, pet. dism'd, untimely filed); Hernandez v. State, 84 S.W.3d 26, 35
(Tex. App.--Texarkana 2002, pet. ref'd). As such, this issue has also been inadequately briefed. See
Gray, 126 S.W.3d at 568-69.

III. Conclusion

 For the reasons stated, we overrule each claim of ineffective assistance of counsel and affirm
the trial court's judgment.


 

 Bailey C. Moseley

 Justice


Date Submitted: November 13, 2006

Date Decided: January 9, 2007


Do Not Publish
1. The jury also found Martin not guilty of another charge of sexual assault.